**Appellate Department, Superior Court, Los Angeles**

[Crim. A. No. 3292. July 12, 1955.]

THE PEOPLE, Respondent, v. JOHN G. OPPENHEIMER, Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Appellant.

John G. Oppenheimer, in pro. per., for Respondent.

THE COURT.—The judgment rendered March 17, 1955, was unauthorized (Veh. Code, § 762). ▇ Because an appeal was taken, the trial court had no authority to correct its judgment, even though it had not been entered. (See *People* v. *Schneidman* (1944), Cr. A. 2575 and cases cited.)

We purposely refrained in our original decision from passing upon defendant's contentions that the evidence was insufficient and instructions were lacking, and we decline to do so now, because the record brought to us is so scanty. The defendant argues that on another appeal he will probably have a statement on appeal like the present one. He probably will, if he persists in disregarding the provisions of the rules that would secure a statement against which his contentions can be fairly judged.

▇ The defendant, for example, argues that the evidence does not show venue. True, the evidence now before us does not. But the absence of any evidence proving venue is as reasonably attributable to the fact that in his grounds of appeal the defendant made no point of lack of evidence respecting venue, as it is to the possibility that there was no evidence produced. We should not reverse a judgment on a ground not fairly presented.

▇ A further example: An instruction was given advising the jury that it is unlawful to operate a vehicle (1) that is in an unsafe condition; (2) that is not equipped as required by this code; or (3) that is not safely loaded. In a case where the charge was that the defendant drove a vehicle in an unsafe condition in that the brakes were defective and in an unsafe condition, the instruction was too broad in that portion we have numbered (1) and portions

(2) and (3) referred to matters not at all covered by the complaint. No doubt it was error to give this instruction, (see *People* v. *Roe* (1922), 189 Cal. 548, 559 [209 P. 560]; *People* v. *Jackson* (1954), 42 Cal.2d 540, 546 [268 P.2d 6]). However, because of the mandate of section 4½, article VI, of the Constitution, we cannot say, on the record brought to us, that the error was prejudicial.

We are, therefore, reversing the judgment with directions to the trial court to rearraign the defendant for judgment. If he is so advised, the defendant may at that time move for a new trial. If such a motion is made and denied, and a new judgment rendered, the defendant may appeal, and, upon that appeal his contentions shall be considered on the basis of the record then before us. The appeals from all other matters are dismissed.